**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE
(410) 962-3630 FAX

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560

June 26, 2012

Brian Bennett, Esq.
Law Offices Terziu & Bennett
2211 Eastern Blvd.
Baltimore, MD 21220

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Sondra L. Jones v. Michael J. Astrue, Commissioner of Social Security, PWG-10-2110**

Dear Counsel:

Presently pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Jones' claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Paper Nos. 9, 15, 18).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.   For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Sondra Jones (sometimes referred to as "Ms. Jones", "Claimant", or "Plaintiff") applied for DIB and SSI on June 20, 2007, alleging that she was disabled due to back pain, an injury to her left knee, an affective disorder, bipolar disorder, and carpal tunnel syndrome. (Tr. 11, 126, 155).  Her claims were denied initially and upon reconsideration.  After a hearing before Administrative Law Judge Kathleen Scully-Hayes ("ALJ") on July 9, 2009, the ALJ denied Ms. Jones' claims and concluded in

1

a decision dated September 30, 2009, that she retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work[1] and that she was precluded from performing her past relevant work ("PRW"). After receiving testimony from a vocational expert ("VE") the ALJ found there were a significant number of jobs in the local and national economies that Claimant could perform. Accordingly, the ALJ found Claimant was not disabled. (Tr. 9-19). On July 22, 2010, the Appeals Council denied Ms. Jones' request for review, thus making her case ready for judicial review. (Tr. 1-4).

Claimant alleges that the ALJ erred at step four in determining her RFC, and that all of her mental limitations were not adequately reflected in the hypothetical the ALJ presented to the VE. Specifically, Ms. Jones contends that the ALJ should have found that she was unable to concentrate for more than 30 minutes at a time. The Commissioner argues that the hypothetical the ALJ presented to the VE properly was based upon all the limitations she accepted as credible.

After review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence she considered and relied upon in determining that Ms. Jones had a RFC allowing less than a full range of sedentary work and that the limitations included in the questions presented to the VE are supported by the record. (Tr. 37).

First, the ALJ adequately documented her findings with reference to 20 CFR §404.1520a which requires ALJ's to follow a special technique when mental impairments are alleged. (Tr. 14-17). The ALJ found that Ms. Jones had mild limitations in activities of daily living, moderate limitations in maintaining social functioning and in concentration, persistence, and pace. The ALJ also found that Ms. Jones experienced one or two episodes of decompensation, each of extended duration.

---

[1] The ALJ found that Claimant could perform no more than occasional climbing, balancing, stooping, grasping and fine manipulation. She could not kneel, crouch or crawl. The ALJ also found that Claimant could only understand one to two step simple instructions, could only have occasional interaction with the public and could not perform detailed or complex work. (Tr. 23).

Furthermore, it is apparent that the ALJ considered all the medical records including the reports completed by the state agency reviewing physicians, Dr. P. Woods and Dr. James Biddison. Exhibits 16-F, 17F, 20-F.  The ALJ discussed the doctors' opinions in her decision and adopted many of the limitations found by the doctors in determining Ms. Jones' RFC. (Tr. 17).  For example, the ALJ found that Ms. Jones had the ability to understand, remember and follow only one to two step, simple instructions, and that she could only occasionally interact with co-workers and supervisors, which is consistent with what the doctors stated in their respective assessments of Ms. Jones' abilities. (Tr. 17, 37, 409, 410). Thus despite her argument to the contrary, the ALJ did not fail to consider Claimant's mental limitations.

I also find that the hypothetical presented to the VE[2] is supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose hypotheticals that are based on substantial evidence and accurately reflect the claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). The ALJ posed hypotheticals to the VE regarding an individual with Claimant's conditions and limitations.  The VE identified sedentary jobs in the local and national economies and explained the impact on those jobs identified when additional limitations were considered. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996) (Tr. 36-37).  In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)).

---

[2] The VE was asked to consider an individual who has the residual functional capacity to perform at least sedentary work with: occasional climbing, balancing, stooping; no kneeling, crouching or crawling; occasional grasping and fine manipulation; must avoid heights and moving machinery; can understand, remember and carry out simple, one to two step instructions; only occasional interaction with supervisors and co-workers; and only occasional interaction with the public. (Tr. 37).

Thus, for the reasons given, this Court DENIES Mr. Jones' Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

                                          Sincerely,
                                              /s/
                                          Paul W. Grimm
                                          United States Magistrate Judge